IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA BLINKHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| STONE MOUNTAIN SHOPPING | ) | |
| CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant STONE MOUNTAIN SHOPPING CENTER, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

2.     Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4.     Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.     Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.     Defendant STONE MOUNTAIN SHOPPING CENTER, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8.     Defendant may be properly served with process via its registered agent for service, to wit: Brian Daughdrill, 945 E. Paces Ferry Road, Suite 2750, Atlanta, Georgia, 30326.

2

## FACTUAL ALLEGATIONS

9.      On or about March 15, 2021, Plaintiff was a customer at "Trend Urban Café" and "Cato Fashions," businesses located at 5370 Stone Mountain Highway, Stone Mountain, Georgia 30087.

10.      Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The separate structures and improvements situated upon said real property shall be referenced herein as the "Southeast Facility," the "Center-East Facility," the "Center Facility," the "Northwest Facility" and the "North-Center Facility" (together, the "Facilities"), and said real property shall be referenced herein as the "Property").

11.      Plaintiff lives approximately eighteen (18) miles from the Facilities and Property, and works approximately eight (8) miles from the Facilities and Property.

12.      Plaintiff regularly commutes and/or otherwise travels in the near vicinity of the Facilities and Property.

13.      Plaintiff's access to the businesses located at 5370 Stone Mountain Highway, Stone Mountain, Georgia 30087 (Gwinnett County Property Appraiser's parcel number R6061 023), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered

therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

14.     Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

15.     Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

16.     Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

18.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

4

19.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20.    Each Facility is a public accommodation and service establishment.

21.    The Property is a public accommodation and service establishment.

22.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

24.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25.    The Facilities must be, but are not, in compliance with the ADA and ADAAG.

26.    The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in her capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a)    **EXTERIOR ELEMENTS:**

(i)    The signage for the accessible parking spaces most proximate to Unit 710 of the Southeast Facility are not installed at a permissible height, in violation of section 502.6 of the 2010

7

ADAAG standards.

(ii)     The access aisle adjacent to the accessible parking spaces on the Property most proximate to Unit 710 of the Southeast Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iii)    There is an excessive vertical rise at the base of the accessible ramp on the Property most proximate to Unit 710 of the Southeast Facility, in violation of section 405.7 of the 2010 ADAAG standards.

(iv)    The side flares of the above-described ramp most proximate to Unit 710 of the Southeast Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(v)     The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 765 of the Southeast Facility does not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards.

(vi)    There are no disabled accessible parking spaces in the vicinity

of the Central-East Facility, in violation of sections 208.2 and 208.3 of the 2010 ADAAG standards.

(vii)  The walking surfaces of the accessible route on the Property between the "A-Z Payless" and "Ross" portions of the Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(viii)  The above-described accessible route between the "A-Z Payless" and "Ross" portions of the Center Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(ix)  The walking surfaces of the accessible route on the Property between the "Cato" and "Marshalls" portions of the Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(x)  The above-described accessible route between the "Cato" and "Marshalls" portions of the Center Facility also has a total vertical rise greater than 6" (six inches), but does not have

handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xi)   The walking surfaces of the accessible route on the Property between the "Marshalls" and "Bealls" portions of the Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xii)  The above-described accessible route between the "Marshalls" and "Bealls" portions of the Center Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xiii) The walking surfaces of the accessible route on the Property between the "Bealls" and "CNA Training" portions of the Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xiv)  The above-described accessible route between the "Bealls" and "CNA Training" portions of the Center Facility also has a total

vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xv) The walking surfaces of the accessible route on the Property between the "Green Orthodontics" and "Five Below" portions of the Center Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xvi) The above-described accessible route between the "Green Orthodontics" and "Five Below" portions of the Center Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xvii) The accessible parking spaces on the Property most proximate to the Northwest Facility do not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards.

11

(xviii) The Northwest Facility is situated upon a raised concrete foundation that is not ramped, rendering it inaccessible to disabled patrons that require a wheelchair for mobility purposes, such as Plaintiff, in violation of sections 206.2.1 and 303.4 of the 2010 ADAAG standards.

(xix) Four (4) of the five (5) accessible parking spaces on the Property situated on the western side of the North-Center Facility do not have adjacent access aisles, in violation of section 502.3 of the 2010 ADAAG standards.

(xx) The northernmost of the five (5) accessible parking spaces on the Property situated on the western side of the North-Center Facility has signage that is not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(xxi) The signage for two (2) accessible parking spaces situated on the eastern side of the North-Center Facility are not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(xxii) The access aisle centrally adjacent to the two (2) accessible parking spaces situated on the eastern side of the North-Center

Facility is not 60" (sixty inches) in width, in violation of section 502.3 of the 2010 ADAAG standards.

(i)     The walking surfaces of the accessible route on the Property leading from the above-described accessible parking spaces situated on the eastern side of the North-Center Facility to the entrance of the "Original Mattress Factory" portion of the North-Center Facility have an extreme slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(ii)    The above-described accessible route leading from the above-described accessible parking spaces situated on the eastern side of the North-Center Facility to the entrance of the "Original Mattress Factory" portion of the North-Center Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

**(b)    INTERIOR ELEMENTS:**

(i)     The interior of the "Trend" portion of the Southeast Facility has

sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)    The sinks in the restrooms in the "Trend" portion of the Southeast Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(iii)   The grab bars/handrails adjacent to the commodes in the restrooms in the "Trend" portion of the Southeast Facility are not positioned in accordance with sections 604.5 and 609.4 of the 2010 ADAAG standards. Specifically, the rear grab bars do not extend 12" (twelve inches) from the centerline of the commode tanks.

(iv)    The soap dispensers in the restrooms in the "Trend" portion of the Southeast Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(v)    The mirrors in the restrooms in the Facility exceed the

maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

32.     Without limitation, the above-described violations of the ADAAG made it more difficult and dangerous for Plaintiff to traverse the ramp servicing the Southeast Facility, more difficult for Plaintiff to enter and exit the Southeast Facility, and more difficult and dangerous for Plaintiff to travel upon the accessible routes along the Center Facility.

33.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

34.     Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

35.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.      All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

38.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

41.    Plaintiff's requested relief serves the public interest.

42.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees

and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 12, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich

Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich